(103 So. 241)

### CUSIMANO v. STATE.   (7 Div. 60.)

(Court of Appeals of Alabama.   March 17, 1925.)

Sunday ☞29(1)—One in control or management of store open on Sunday is guilty of violating statute, regardless of his ownership of store.

One in control or management of store who keeps it open on Sunday is guilty of violating Code 1923, § 5539, regardless of his ownership of store, though statute does not apply to mere clerk.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Phillip Cusimano was convicted of keeping open shop on Sunday, and he appeals. Affirmed.

J. D. Giles and W. J. Boykin, both of Gadsden, for appellant.

The burden was upon the state to prove defendant was a merchant or shopkeeper, in control of the place of business in question. Whittaker v. State, 17 Ala. App. 624, 88 So. 188; Stollenwerck v. State, 201 Ala. 392, 78 So. 454; Jebeles v. State, 131 Ala. 41, 31 So. 377.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence shows defendant was in control of the store kept open.

SAMFORD, J. The charge in this case is drawn under section 5539 of the Code of 1923, which, so far as this prosecution is concerned, provides that—

"Any person who, * * * being a merchant or shop keeper, druggist excepted, keeps open store on that day [Sunday]," etc.

The specific charge against this defendant is that, being a merchant or shop keeper, he kept open store on that day. In the evidence as presented by this record, it is very apparent that as charged in the indictment, a store or shop was kept open on the Sabbath for purposes of trade, in open and flagrant violation of the statute. There were some objections and exceptions to testimony introduced by the state in making this proof, but the rulings of the court on these were so apparently free from error as not to need discussion or the citation of authority.

The main contention is that the defendant was not shown to be the owner of the business. While this statute does not apply to a mere clerk in a store, we are of the opinion that one who is in control or management of the place of business, whether he is in fact the owner or part owner or not, and in this capacity keeps open store on Sunday, is guilty of a violation of this statute.

In making this proof any testimony tending to show acts of control and management are relevant and admissible.

We find no error in the record, and the judgment is affirmed.

Affirmed.